THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK *vs.* JOHN KERR and others.

The question whether the title to the streets was in the corporation of the city of New York, and whether the corporation could object, on constitutional grounds, to the laying down of a rail road track in the streets, by the grantees under the act of April 17, 1860, without compensation therefor being made to the corporation as owners of the fee, having necessarily been before the court in *The People et al.* v. *Kerr et al.*, (37 *Barb.* 357,) and the court there deciding that the legislature was clothed with the power of granting to the defendants the right to put down and operate a rail road in the streets of the city without paying any compensation for such new use of the soil of the streets, either to the corporation, or to the owners of lots fronting on the streets, the court will not entertain a similar action, brought by the *corporation of the city*, to restrain the laying down and operating of a rail road by the grantees, under said act, until the parties have invoked the judgment of the *court of appeals* upon the questions involved.

APPEAL from an order made at a special term, denying the plaintiffs' motion for an injunction, and dissolving the temporary injunction. The plaintiffs alleged in their

complaint that they are an ancient corporation, and, under their charters, are possessed of divers property, liberties, privileges, royalties and franchises of great value; that among these are the streets, avenues and thoroughfares of the city, the right to the free, open and unobstructed use thereof, and the right and franchise of laying out and regulating the same; the office of licensing and of limiting (at discretion of these plaintiffs) the number of those who carry for hire within the said city, and of receiving and having to these plaintiffs, as their property, fees, rewards and profits for the licenses and permits so given; and that these plaintiffs have, from time immemorial, possessed and enjoyed, and under their charter have and own the exclusive right and property of controlling and licensing, for fee and reward, all those who use the said streets and thoroughfares for carrying thereupon persons and property for hire. That they have, at great expense, paved said streets and regulated the same and made them convenient for the passage and travel of the inhabitants of said city. That, in violation of the said rights, liberties, privileges and franchises, the defendants, on the first day of September, 1862, and on divers days and times between that day and the 6th day of October, 1862, broke and entered a certain close of the plaintiffs, commonly called the Seventh avenue, and also a certain other close of the plaintiffs called Broadway, both closes being public streets and highways, and from Fifty-ninth street in said city, along said avenue, southward, to Broadway, and from thence along said Broadway, in the same general direction, to Twenty-eighth street, in said city, broke and dug up the stone pavements which the plaintiffs had before that time laid and constructed in said Seventh avenue and Broadway, and dug up, took and carried away great quantities of stones, earth and gravel, before constituting parts of said Seventh avenue and Broadway, and dug and made great holes and pits in the earth, and laid and placed great heaps and quantities of earth, stones, timber, iron and other things in and upon the carriage way and sidewalks

which the said plaintiffs had made and constructed in said avenue and said Broadway, and laid down and placed in said avenue and Broadway great quantities of stones, timber, iron and other things, and by the means aforesaid greatly obstructed and injured said avenue and Broadway, and not only hindered, delayed and otherwise greatly injured the plaintiffs in the pursuit of their lawful affairs and business, and injured and destroyed the property of the plaintiffs, but divers good and worthy citizens, whose right to the free, open and unobstructed use and enjoyment of the streets, avenues and public thoroughfares of the city the plaintiffs were and are bound to protect and defend, were also greatly hindered, delayed and injured in the pursuit of their lawful affairs and business. That thereupon, and on or about the seventh day of October aforesaid, the plaintiffs did commence an action in this court against the said defendants, to recover damages against the said defendants to the amount of one hundred thousand dollars for the injuries sustained, as aforesaid, by them, by reason of the said unlawful acts of the defendants.

That, notwithstanding the premises, the defendants have not desisted nor refrained from their unlawful acts and proceedings, nor have they respected the rights of the plaintiffs, but they have continued to dig up, to take and carry away great quantities of stones, earth and gravel, before constituting parts of Broadway from Twenty-eighth street southward to Twentieth street, and to dig and make great holes and pits in the said streets, and thereby to obstruct and create a nuisance in Broadway aforesaid, and also by stones, timber and iron rails laid therein; and that the defendants also give out and threaten that they will, by themselves and their agents, continue in their said unlawful work, and that they will continue to dig into and lay down stones, timber and iron rails, and to injure the pavements and property of the plaintiffs in the said Seventh avenue, Broadway and University place, and in very many other streets in said city; and they further give out and threaten that they, disregarding the franchises,

offices and rights of the plaintiffs, will place and run vehicles or cars upon the said rails so laid, and will carry persons and property therein and thereupon for hire, and will, as carriers, use the said streets without obtaining license from the plaintiffs, and without paying the plaintiffs for the privilege of so doing, and to the irreparable injury of the plaintiffs. Wherefore the plaintiffs demanded the judgment of the court, that the defendants, their agents and servants, and all persons acting by or under their authority, be perpetually restrained from digging into or otherwise interfering or meddling with any of the streets of the said city, and from placing stones, timber and rails in the said streets, and from running cars or other vehicles thereon for hire ; and that, during the pendency of this action, they be likewise restrained ; and for other relief, &c.

Upon this complaint and an affidavit annexed, an order to show cause why an injunction should not issue was granted, returnable on the 3d Monday of October, 1862, and for a temporary injunction in the mean time. On the return day, an affidavit of the defendant Kerr was read, in opposition to the motion, in which he stated that he was one of the persons engaged in laying and constructing the railroad referred to in the complaint. That the persons so engaged are some of them the original grantees named in the act entitled " An act to authorize the construction of a rail road in Seventh avenue, and in certain other streets and avenues of the city of New York," passed April 17, 1860, and others the assignees of several of the original grantees, and the acts so done by them had been done and transacted under and by virtue of the grant and license contained in said act. That in laying the said rail road so far as they had progressed therewith, they had constructed the same upon the most approved plan for the construction of city rail roads, and had been careful to create no annoyance or inconvenience to the public use of said streets and avenues, except such as was necessary for that purpose ; and as they had progressed and laid said rail

road they had restored the pavement necessarily disturbed and removed in the course of such construction, and made it better in many places than it was before. That the defendant had not, nor had any other of said grantees or of said associates, as the deponent was informed and believed, any intention of running vehicles or cars upon said rail road, or on the rails so laid, or as carriers to use said streets, without paying the plaintiffs the license fee annually for each car run thereon, as required in and by the said act authorizing the construction of said rail road. That the deponent and his said associates had caused the title of the mayor, aldermen and commonalty of the city of New York, in and to the parts of the several streets and avenues mentioned in the complaint, and in and through which said rail road has been partly built, to be investigated, and that neither at the time of the passage of the said act, nor at any time since have the plaintiffs had, held or possessed any title or interest in said streets or avenues, except such as have been conferred upon them under proceedings had or taken under the provisions of the act entitled "An act to reduce several laws relating particularly to the city of New York into one act," passed April 9, 1813, and the several acts in addition to, and amendatory thereof, and that their title and interest in said streets and avenues has been and is upon trust that the same be appropriated and kept open for, or as part of, a public street or avenue forever, in like manner as the other public streets and avenues in the said city are, and of right ought to be, as presented by the 178th section of said act. That the plaintiffs do not possess under their charter, or otherwise, exclusive of legislative interference and control, any right to the free and unobstructed use of the streets and avenues of said city or of laying out or regulating the same, or of licensing at discretion the number of persons who carry passengers for hire in said city, or of receiving to their own use, or as their property, the fees, rewards, or profits of licenses given therefor, nor any exclusive right or property, independent of the aforesaid legislative in-

terference and control, of controlling and licensing those who use the streets or thoroughfares of said city, for carrying thereupon persons for hire, nor have the plaintiffs any private right or property in, or control over said streets and avenues, or in the use thereof, which is not subject to the control and disposition of the legislature, to the extent and in the manner they have by the aforesaid act, authorizing the construction of said rail road, assumed to control and dispose thereof.

The court made an order denying the motion for an injunction, and dissolving the temporary injunction, with costs.

*Greene C. Bronson* and *Edwards Pierrepont*, for the appellants.

*H. W. Robinson*, for the respondents.

*By the Court*, LEONARD, J.   Could any substantial difference be perceived between the present case and that of *The People ex rel. The Trustees of the Sailors' Snug Harbor and others* v. *John Kerr and others*, decided by this court at general term in July last, it might be profitable to give my own views upon the merits of this controversy.

The question was necessarily before the general term in that case whether the title to the streets was in the corporation of the city of New York, and whether the corporation could object, on constitutional grounds, to the laying down a rail road track in the streets of the city by these defendants without compensation therefor being paid to the corporation as owners of the fee, under the authority of an act of the legislature.

That decision, although upholding the title of the city of New York to the streets in fee simple in trust for the use of the public as highways, expressly decided that the legislature were clothed with the power of granting to the defendants the right to put down and operate a rail road in the streets of the city without paying any compensation for such

new use of the soil of the streets, either to the corporation of the city of New York, or to the owners of lots fronting on the streets.

We think it unprofitable that any further conflict of authority should occur upon this question in courts of the same jurisdiction, and that the parties interested should, if they think proper, invoke the judgment of the court of last resort upon these questions, which have so long occupied the attention of different judges of this court, and have called forth such a diversity of opinions.

The order appealed from should therefore be affirmed, with $10 costs of the appeal to abide the event.

[NEW YORK GENERAL TERM, November 3, 1862. *Ingraham, Leonard* and *Peckham*, Justices.]